Filed 10/10/24  P. v. Fritz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083147 |
| v. | (Super.Ct.No. SCR47719) |
| BILLY CORNELL FRITZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Billy Cornell Fritz appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1172.6.

## STATEMENT OF THE CASE

On November 16, 1988, a jury found defendant guilty of murder under section 187, subdivision (a) (count 1), and two counts of assault with a deadly weapon under section 245, subdivision (a)(1) (counts 2 and 3). The jury also found true that defendant personally used a deadly and dangerous weapon, a baseball bat, under section 12022, subdivision (b).[2]

On January 11, 1989, a trial court sentenced defendant to a total term of 31 years to life in state prison, as follows: an indeterminate term of 25 years to life on count 1, consecutive to a six-year determinate term. The six-year determinate term was comprised of a four-year term for count 2, consecutive to a one-year term for count 3, plus a consecutive one-year term for the use of a deadly weapon enhancement. Moreover, the trial court sentenced defendant in two other pending cases, which added a total term of eight years to his sentence.

After defendant appealed, in *People v. Fritz* (Nov. 17, 1989, E006425 [nonpub. opn.]), this court affirmed the judgment.

On March 15, 2023, defendant filed a petition for resentencing under section 1172.6. The prosecution filed its opposition on May 19, 2023. The People

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On April 23, 2024, we granted defendant's first request to augment the record, and on August 16, 2024, we granted defendant's second request to augment the record.

opposed the petition for resentencing because "there's no basis in the record of conviction for this Petitioner to meet his prima facie burden. Petitioner was not convicted [of] murder under the theory of felony murder, the natural and probable consequences doctrine, or another theory where malice could be imputed based solely on his participation in an underlying crime. Petitioner was found guilty of willful, deliberate, and premeditated First Degree Murder and he was the actual killer."

On August 30, 2023, defendant filed a "Defense Prima Facie Brief" and argued that a denial at the prima facie stage was premature.

Thereafter, on October 10, 2023, the prosecution filed "People's Reply to Defense's Prima Facie Brief." (All caps omitted.) Again, the People argued that defendant's jury was not given instructions on any form of imputed malice: "In the present case, a review of the record of conviction makes it clear that the Petitioner was prosecuted solely under the theory that he was the actual killer of the named victim."

In an order filed on November 30, 2023, the trial court found that defendant had failed to establish a prima facie case for relief and denied the section 1172.6 petition. In the order, the trial court wrote:

"The court has reviewed the briefs filed by both parties and the court file, including applicable jury instructions and verdict forms. The court has also reviewed the appellate court decision from the original trial. The court has not engaged in any weighing of evidence to reach this decision. A copy of the entire jury instruction packet

3

and copies of the verdict forms for Count 1 are collectively marked as Court Exhibit 1 and placed in the court file.

"The record reveals that the defendant was prosecuted for first degree murder on the sole theory of willful, deliberate and premeditated murder. The jury was instructed with CALJIC Nos. 8.10, 8.11 and 8.20 (defining murder; defining malice aforethought; and the requirements for willful deliberate and premeditated murder). There were no instructions on aiding or abetting, and no instructions on felony-murder. The defendant was the sole person charged with the killing.

"Willful, deliberate and premeditated murder was the only option given to the jury by way of instruction for them to reach a verdict of guilty of first degree murder. On November 16, 1988 the jury returned a verdict of guilty of first degree murder against the defendant.

"The CALJIC 8.20 instruction required that the jury find that the defendant had the intent to kill prior to the actual killing in order for them to reach a verdict of first degree murder. Further, the jury returned a true finding on the allegation that the defendant personally used a baseball bat in the commission of the murder. CALJIC 17.16 required that the jury find the defendant personally used the bat in committing the murder.

"The record establishes that the defendant was the actual killer and had the intent to kill prior to the killing. As such, he could still be convicted of murder under the current law.

4

"Based upon the foregoing, defendant Fritz has failed to establish a prima facie case for relief under PC 1172.6. The petition is therefore denied."

On January 26, 2024, defendant filed his timely notice of appeal.

## DISCUSSION

On appeal, defendant's appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and requesting that we exercise our discretion to independently review the record for error.

We offered defendant an opportunity to file a personal supplemental brief: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 [302 Ca1.Rptr. 153, 160-164]; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216 [302 Ca1.Rptr. at p. 165].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned." Although we noted that if defendant did not file a personal supplemental brief we could dismiss the appeal, defendant has not filed one.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that the procedures under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v.*

5

*California* (1967) 386 U.S. 738 do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.) Therefore, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id.* at p. 228.)

We, however, have discretion to conduct a review under *Wende* even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233, fn. 6.) This case does not call for us to exercise our discretion to independently examine the record for arguable issues, and we decline to exercise our discretion to independently examine the record. Accordingly, we dismiss the appeal as abandoned.

Nonetheless, defendant's record of conviction, without an independent examination, shows that he is categorically ineligible for relief as a matter of law because he was the actual killer of the victim, and the jury was not given instructions on any form of imputed malice. As such, it is impossible for defendant to make a prima facie case for relief under section 1172.6. The trial court correctly denied defendant's section 1172.6 petition for resentencing.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.

MENETREZ
J.

7